UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

PHILLIP SAYLES, A-35-770-587,

      Petitioner,

-v-                             06-CV-0387Sr

WILLIAM A. CLEARY, and CHARLES MULE,    MEMORANDUM and ORDER

      Respondents.

─────────────────────────────────

    Petitioner has filed another petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, this time challenging, in part, his continued detention pending removal, and seeking a stay of his removal. (Docket No. 1). Plaintiff also seeks permission to proceed in forma pauperis. (Docket No. 2).

    Petitioner's earlier petitions all challenged his final order of removal based, in part, on a claim of derivative citizenship. The first petition, 05-CV-0371Sr, was transferred to the United States Court of Appeals for the Second Circuit on June 1, 2005, pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252),[1] which divested district courts of all jurisdiction to review challenges to final orders of removal, 8 U.S.C. § 1252(a)(5), but not challenges to a petitioner's continued detention pending removal. *See Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir., 2005). The second petition, 06-CV-0038Sr, was dismissed pursuant to the REAL ID Act because this Court had no jurisdiction to review a challenge to petitioner's final order of removal. The second

───────────────

[1] The REAL ID Act also provided that the "district court shall transfer . . . to the court of appeals any case "challenging a final administrative order of removal that is "*pending* in a district court" on the date the Act became effective--May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231.

petition was dismissed rather than transferred because it was not "pending" at the time of the effective date of the REAL ID Act. See REAL ID Act, § 106; *Walters v. Chertoff*, No. 3:05 CV 01672 RNC, 2005 WL 3416124, *1 (D.Conn. Dec 12, 2005); *Flores-Diaz v. U.S.*, No. 2:05-CV-710 TS, 2005 WL 2456983 (D.Utah, Oct 05, 2005); *Griffith v. Dept. of Homeland Security*, 2005 WL 2338866 *1 (W.D.N.Y., September 3, 2005); *Munoz v. Gonzalez*, No. 05 Civ. 6056 (SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y., July 11, 2005). The third petition, 06-CV-0295Sr, while phrased in terms of objecting to petitioner's "unlawful detention," was again a challenge to petitioner's final order of removal and was dismissed, pursuant to the REAL ID, because the Court had no jurisdiction to review it.

The instant petition, challenges, in part, petitioner's continued detention pending removal and, therefore, to the extent petitioner challenges his continued detention the Court has jurisdiction to review the petition. However, to the extent the petition can be construed to challenge, in any way, a final order of removal, said challenge is dismissed, like the previous ones, because the REAL ID Act vests exclusive jurisdiction over challenges to final orders of removal with the Court of Appeals. Similarly, because the Court has no jurisdiction to review any challenge to petitioner's final order of removal, it has no jurisdiction to review petitioner's request for a stay of removal and said request is denied without prejudice to re-filing in the United States Court of Appeals for the Second Circuit. See *Sayles v. Loy*, 06-CV-0038Sr (Decision and Order, filed January 31, 2006).

Accordingly, it is hereby ORDERED:

1. Petitioner's request to proceed as a poor person is granted and his motion for a stay of removal is denied without prejudice.

2. To the extent that the petition, in part, challenges petitioner's final order of removal, said part of the petition is dismissed.

3. Within **45 days** of the service of this order, respondent shall file an **answer** to the application with the Clerk of Court (and also serve a copy upon the petitioner) which shall respond to the allegations of the application and shall state, as to every ground raised by the petitioner, whether the petitioner has exhausted administrative remedies. **If any ground is alleged not to have been exhausted, respondent shall identify such ground and expressly state whether it waives the petitioner's requirement to exhaust.** Alternatively, in the appropriate case, respondent may file a motion to dismiss the application, accompanied by pertinent exhibits which demonstrate that an answer to the application is unnecessary, by no later than **45 days** from service of this order.

Respondent also shall file by the above date a **memorandum of law** with the Clerk of Court (and also serve a copy upon the petitioner) addressing each of the issues raised in the petition and including citations of relevant supporting authority. Respondent is directed to accompany all citations to sections of the Immigration and Naturalization Act with reference to the appropriate sections of 8 U.S.C.

Petitioner shall have **25 days** upon receipt of the answer to file a written response to the answer and memorandum of law (or motion to dismiss).

3. The Clerk of Court shall serve a copy of the application, together with a copy of this order, by certified mail, upon the following:

- Charles Mule, Facility Director, Buffalo Federal Detention Center, 4250 Federal Drive, Batavia, New York 14020;

- Buffalo Field Office Director, Detention & Removal Office, Immigration and Customs Enforcement Department of Homeland Security, 38 Delaware Avenue, Buffalo, NY 14202;

- Secretary, U.S. Department of Homeland Security, Washington, D.C. 20528;

- Acting Director, Bureau of Immigration and Custom Enforcement, 425 I Street, NW Washington, DC 20536;

- Attorney General of the United States, Main Justice Building, 10th and Constitution Avenues N.W., Washington, DC 20530;

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

SO ORDERED.

DATED:   Buffalo, New York
         June 21, 2006

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE